# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR COMMUNITY ACTION AND ENVIRONMENTAL JUSTICE, a California non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FRIENDS OF RIVERSIDE AIRPORT, LLC, a limited liability company,<br><br>Defendant. | Case No. 5:17-cv-01091-JGB-KK<br><br>**[PROPOSED] PROTECTIVE RE FINANCIAL DOCUMENTS PRODUCED BY DEFENDANT FRIEND OF RIVERSIDE AIRPORT, LLC** |

This action is likely to involve financial information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such

information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Pursuant to the Parties' stipulation and for good cause shown:

IT IS HEREBY ORDERED, that the following procedures shall govern the disclosure of information by defendant Friend of Riverside Airport, LLC ("Defendant") in response to Plaintiff Center for Community Action and Environmental Justice's ("Plaintiff") Requests for Production of Documents Numbers 28 – 35:

1. <u>Scope</u>.  Any material produced by Defendant in response to Plaintiff's Requests for Production of Documents Numbers 28 – 35 (the "Financial Documents" or "Protected Material") regarding financial documents shall presumptively be deemed CONFIDENTIAL, and shall be so marked prior to production.  The presumption is rebuttable.  In the event of any dispute over the confidential nature of any of the Financial Documents, Defendant bears the burden of demonstrating that the material is entitled to such designation.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

2. <u>Use</u>.  Until and unless the designation CONFIDENTIAL is removed from any of the Financial Documents, such material shall be used solely for the purposes prosecuting, defending or attempting to settle this litigation and for no other purpose.

3. <u>Disclosure of Financial Information</u>.  The Financial Documents shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except the following:

a. Plaintiff's counsel of record engaged in the litigation of this action, and professional clerical secretarial and other support personnel of such counsel necessary to assist in this action and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

b. Plaintiff's employees to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c. Independent experts or consultants who are retained to consult with or assist counsel for either party in the preparation of this action for trial; provided that prior to disclosure, any such expert is provided with a copy of this Order and acknowledges in writing that he or she agrees to be bound by these terms;

d. Witnesses in the course of deposition testimony in the reasonable and good faith belief of counsel that any such witness has prior knowledge of the information contained in the records and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

e. This Court and its employees and court reporters transcribing testimony taken in this case and notarizing officers;

f. Independent outside vendors not affiliated with the parties for purposes of performing clerical-type services with respect to trial preparation in connection with this litigation, *e.g.*, photocopying,

imaging, computer data entry, electronic discovery production or processing, preparation of summaries or graphics, and the like, provided that they have access to the documents only to the extent necessary to perform their duties and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g. Any person indicated on the face of the documents to be an originator, author and/or a recipient of the document; and

h. Any person who is determined to have been an author and/or previous recipient of the document, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the document by such person.

Copies of any "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall be served on Defendant in this action.

4. <u>Challenges</u>. An objection may only be made when the objecting party believes in good faith that good cause exists for the objections. If objection to disclosure is made within the time specified, the parties shall meet and confer within five business days of service of such objection. If the issue is not resolved, the party seeking to prevent disclosure of the records may seek an order within ten business days thereafter. Any such motion must comply with Local Rule 37 and include a joint stipulation. Where an objection is made, the records shall not be disclosed to such person until the day after the last day to file a motion seeking an order preventing disclosure to the person (where no such order is sought), or upon entry of the Court order denying the party's motion. If the parties wish to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation along with an application pursuant to Local Rule 79-5 and Paragraph 5 below, or the moving party may file an ex parte application making the appropriate request pursuant to Local Rule 7-5. Good cause must be set forth in the stipulation or ex parte application as to

why the Joint Stipulation or portions thereof should be filed under seal.

5. <u>Filing Financial Information</u>. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If any party wishes to use any information derived from Financial Documents in connection with any pleading, motion, brief, appendix or other paper filed with the Court, the paper containing such information shall be submitted along with an application pursuant to Local Rule 79-5.1. If a Party's request to file Protected Material under seal is denied by the court, then the Plaintiff may file the information in the public record unless otherwise instructed by the court. If the application is granted, the portions of the filing affected by such order shall be maintained by the Clerk of this Court under seal, and such portions of the filing shall not be made available to anyone except pursuant to order of the Court. The party seeking to file the paper under seal shall simultaneously file and serve a public version of the paper with such information redacted.

6. <u>Final Disposition</u>. Unless otherwise agreed in writing by Defendant or ordered by the Court, within sixty (60) days after final settlement or determination of this action, including all appeals, each person receiving the Financial Documents, or any portion of it, shall return to defendants all such records in its possession or control and all copies thereof; or at its option shall destroy and certify to defendants the destruction of all documents and other material or portions thereof containing or reflecting any of the information contained on such records. Notwithstanding the foregoing, nothing contained in this provision shall require that any party's counsel destroy its own attorney work product or turn over its own attorney work product to another party.

7. <u>Exercise of Care</u>. Financial Information must be stored and maintained at a location and in a secure manner that ensures access is limited to persons authorized under this Order. Outside counsel for the parties shall be permitted to

retain a file copy of materials created during the course of the litigation, including pleadings and all other materials made a part of the record, deposition and trial transcripts and exhibits, and any attorney work product created by the attorney which includes such information.  However, the confidentiality of such material must be maintained in accordance with the provisions of this Protective Order.  Such retained material shall not be used for any purpose, except in connection with any action arising directly out of this action, or pursuant to a Court order for good cause shown. Upon request, counsel for each party shall verify in writing that they have complied with the provision of this paragraph.

        8.    <u>Financial Documents Subpoenaed or Ordered Produced in Other Litigation</u>.  In the event any person or receiving party having possession, custody or control of any of the Financial Documents receives a subpoena or other process or order to produce such information, the party to whom the subpoena or other request is directed shall:

        a.    Immediately give written notice thereof, including copy of the subpoena or court order, to Defendant;

        b.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        c.    Cooperate with respect to all reasonable procedure sought to be pursued by Defendant.

Nothing in the protective order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.

        9.    <u>Unauthorized Disclosure of Financial Information</u>.  If Plaintiff learns that, by it has disclosed Financial Information to any person or in any circumstance

not authorized under this Stipulated Protective Order, the Plaintiff must immediately (a) notify in writing the Defendant of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>Inadvertent Production of Privileged or Protected Material</u>. When Defendant gives notice to Plaintiff that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Plaintiff are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

Dated: 5/18/18

_____
HON. KENLY KIYA KATO
United States Magistrate Judge

[Proposed] Protective Order
re Financial Documents

7

Case No. 5:17-cv-01091-JGB-KK

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Center for Community Action and Environmental Justice vs. Friends of Riverside Airport LLC* (Case No. 5:17-cv-01091-JGB-KK). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____